(No. 76-CV-1364 )

## IN RE APPLICATION OF BILL T. GROOM

*Order filed May 25, 1978.*

POLOS, C.J.

This is an action under the "Crime Victims Compensation Act," (Ill.Rev.Stat., Ch. 70, Para. 71, et seq.) hereafter the Act.

A hearing was had in this matter before the Commissioner of this Court. At that hearing, Claimant testified that on June 15, 1976, he had been working in his garden at 595 South Winchester Avenue in Chicago. He said that he went into the house to obtain a pack of cigarettes and that as he started down the stairs two individuals suddenly appeared and fired two bullets at him. One of the bullets struck him in the stomach and one in the wrist. He said that he did not know either of the two people who shot him.

Claimant testified that he was taken to Engelwood Hospital, and subsequently transferred to Cook County Hospital. He was hospitalized for six or seven days, and his hospital bills total $1,547.40. He said that at the time of injury he was working for Ready-Man, a company that furnishes day labor, and that his monthly salary was approximately $350.00. He said that as a result of the shooting, he lost approximately $1,050.00 in wages.

Larry L. Augustine and Donald Barton were Chicago Police officers who answered the police call regarding the shooting. Augustine said that when he asked Groom what had happened, Groom told him that he had been upstairs asleep when he heard noises and that when he came down to investigate he saw a male negro in his front room who shot him and fled. Augustine said that Groom told him that he had seen the man who shot him before, and that the man was known to hang around with an individual named "Sundown." Groom told Augustine that although he had seen his assailant before, he did not know his name, but Groom indicated that he knew where he could be located. Augustine added that Claimant was unresponsive and non-cooperative in answering his questions. Augustine also said that the weapon used in the shooting was recovered in a back upstairs bedroom of Claimant's house.

Donald Barton also said that Claimant told him that a male negro shot him, but that Claimant was otherwise not responsive to their questioning.

Officer John Boil interviewed Claimant approximately one week after the shooting. Boil said that Claimant told him that he was shot by three male negros. Boil said that he asked Claimant to look at photographs of individuals to try to identify the assailants but Claimant declined to do so.

Augustine also said that the weapon used in the shooting had been stolen, and that in his opinion it was extremely unusual for assailants to leave a gun which had been used in a shooting on the premises.

A condition of recovery under the Act is that an applicant fully cooperate with law enforcement officials in the apprehension and prosecution of his assail-

ants. From the testimony adduced at the hearing, the Court concludes that Claimant knew his assailant, and did not fully cooperate with the law enforcement officials in his apprehension and prosecution. The Court also finds it highly unusual that the weapon used in the shooting of Claimant was found in a bedroom of Claimant's house. That circumstances, coupled with the testimony of the investigating police officers that Claimant was not cooperative and forthcoming in describing his assailant, and that he refused to examine mugshots in an attempt to identify his assailant, couples the conclusion that Claimant did not fully cooperate with law enforcement officials.

It is therefore ordered that this claim for compensation be, and hereby is, denied.